91 F.3d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randall D. IVANCIW and Sandra Ivanciw, Plaintiffs-Appellants,
v.
UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant-Appellee.
 No. 95-15749.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1996.
Decided July 11, 1996.
 
 1
 Before: REINHARDT and HALL, Circuit Judges, and MERHIGE, Senior District Judge.*
 
 
 2
 MEMORANDUM**
 
 I.
 
 3
 The district court correctly concluded on summary judgment that the group long term disability insurance policy ("LTD Plan" or "Plan") issued by UNUM Life Insurance Company of America ("UNUM") through Randall D. Ivanciw's employer, ASI Systems International ("ASI"), was an "employee benefit plan" under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, et seq., and that ERISA, therefore, preempted all the Ivanciws' state law claims. See 29 U.S.C. § 1144(a); Scott v. Gulf Oil Corp., 754 F.2d 1499, 1502 (9th Cir.1985).
 
 
 4
 Under ERISA, an "employee benefit plan" is either an "employee welfare benefit plan" or an "employee pension benefit plan," or both. 29 U.S.C § 1002(3). See Silvera v. Mutual Life Ins. Co. of New York, 884 F.2d 423, 425 (9th Cir.1989). The LTD Plan offered by UNUM is asserted to be an "employee welfare benefit plan." 29 U.S.C. § 1002(1) defines "employee welfare benefit plan" as:
 
 
 5
 any plan, fund, or program which ... is ... established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment...."
 
 
 6
 See Silvera, 884 F.2d at 425; Kanne v. Connecticut Gen. Life Ins. Co., 867 F.2d 489, 492 (9th Cir.1988) (per curiam) (as amended), cert. denied, 496 U.S. 906 (1989). Thus, these plans consist of five elements: (1) a "plan, fund or program" (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits (5) to the participants or their beneficiaries. Kanne 867 F.2d at 492. ( quoting Donovan v. Dillingham, 688 F.2d 1367, 1371 (11th Cir.1982) (en banc)).
 
 
 7
 The Department of Labor has issued "safe harbor" regulations excluding certain group insurance programs from ERISA's definition of "employee welfare benefit plan":
 
 
 8
 (j) Certain group or group-type insurance programs. For purposes of Title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
 
 
 9
 (1) No contributions are made by an employer or employee organization;
 
 
 10
 (2) Participation in the program is completely voluntary for employees or members;
 
 
 11
 (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
 
 
 12
 (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, or administrative services actually rendered in connection with payroll deductions or dues checkoffs.
 
 
 13
 29 C.F.R. § 2510.3-1(j) (1987). Other group insurance programs may also be excluded.
 
 
 14
 In this case, ASI, in its employee publications, expressly reserved the right to terminate employee benefits, including coverage under the Plan. ASI issued an Employee Policy Manual which specified that "participation in this [LTD] insurance plan is required by the Company upon employment." In addition, ASI served various administrative functions in implementing the Plan. ASI provided employees enrollment forms for the Plan and booklets describing the coverage as well. ASI also provided the claim forms to its employees who were making claims under the Plan and sent the completed forms to UNUM on behalf of the employees. ASI also, on occasion, interceded to request that UNUM alter or clarify certain coverage under the Plan for particular employees.
 
 
 15
 Although employees pay 100% of the premiums for the Plan via payroll deductions, the LTD Plan does not fall within the § 2510.3-1(j) "safe harbor" exclusion from ERISA because participation in the Plan is not "completely voluntary" within the meaning of § 2510.3-1(j)(2) and ASI has "endorsed" the Plan within the meaning of § 2510.3-1(j)(3).
 
 This Court has stated that:
 
 16
 [a] bare purchase of insurance, without any of the above elements present [referring to the elements of 29 C.F.R. § 2510.3-1(j) ], does not by itself constitute an ERISA plan (although it may be evidence of the existence of an ERISA plan)." An employer has not established an ERISA plan if it merely advertises a group insurance plan that has none of the attributes described in 29 C.F.R. § 2510.3-1(j).
 
 
 17
 Kanne, 867 F.2d at 492. The same facts discussed above in relation to the determination that the Plan does not fall within the regulatory safe harbor of § 2510.3-1(j) also lead to the conclusion that ASI was not a "mere advertiser" of the Plan but instead that the Plan was an integral part of the benefit scheme associated with employment at ASI. Accordingly, the LTD Plan is an "employee welfare benefit plan" under ERISA and the Ivanciws' state law claims are, therefore, preempted.
 
 
 18
 THE JUDGMENT OF THE DISTRICT COURT IS AFFIRMED.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3